Juan Carlos **BARRIENTOS**, Petitioner,

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 00–71356.
INS No. A71–945–995.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 2002.

Decided Feb. 21, 2002.

Before GOODWIN and TROTT, Circuit Judges, and EZRA,* District Judge.

### MEMORANDUM**

Juan Carlos Barrientos, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals's ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition.

■ We review BIA determinations de novo for errors of law, but review the factual findings for substantial evidence. *See Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996) (en banc); *Mejia–Paiz v. INS,* 111 F.3d 720, 722 (9th Cir.1997). To reverse the BIA's decision, we must conclude that the evidence not only supports a contrary conclusion, but compels it. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We grant deference to the BIA's determination. *See Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995).

■ Barrientos claims that he had an incompetent translator and, as a result, was denied his Constitutional right to a full and fair hearing. After careful review of the record, we find that the interpreter had difficulty translating, but the imperfect translation did not prejudice the outcome of the proceeding. Whenever the interpreter mistakenly translated words, became lost or confused, or translated testimony that was unclear, the IJ was sure to clarify precisely what was meant. *See Perez–Lastor v. INS,* 208 F.3d 773, 777–78 (9th Cir.2000) ("[A]n IJ may ameliorate the damage caused by an incompetent translator by asking for [c]larification or repetition.") Because counsel for Barrientos failed to show where in the record anything of substance was lost in the translation, we find that the outcome of Barrientos's hearing was not prejudiced by incompetent translation and that Barrientos's right to a full and fair hearing was not denied.

■ The facts of this case, considered individually and cumulatively, do not compel the conclusion that Barrientos's past encounters with his employer, the labor unions, or the guerillas amounted to persecution on account of political opinion or membership in a particular social group. *See Reyes–Guerrero v. INS,* 192 F.3d 1241, 1245 (9th Cir.1999); *Sangha v. INS,* 103 F.3d 1482, 1489 (9th Cir.1997). Similarly, the evidence does not compel the conclusion that Barrientos has a subjectively genuine and objectively reasonable fear of future persecution. Because the evidence does not compel a finding of eligibility for asylum, it necessarily does not compel a finding that Barrientos has satisfied the more stringent standard for withholding of removal. *See Singh v. INS,* 134 F.3d 962, 971 (9th Cir.1998).

### PETITION FOR REVIEW DENIED.

---

* The Honorable David Alan Ezra, Chief United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.